SUMMARY ORDER
Appellant Marie G. Chery, pro se, appeals from the judgment of the United States District Court for the Eastern District of New York (Dearie, C.J.), granting summary judgment to Appellee on her employment discrimination claims. We assume the parties’ familiarity with the facts and procedural history.
We review orders granting summary judgment de novo and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.2003). A plaintiff must establish an initial prima facie case of discrimination under Title VII of the Civil Rights Act. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). If the plaintiff establishes a prima facie case, *529 the burden of production then shifts to the employer to demonstrate a legitimate, nondiscriminatory reason for the employment decision. Id. Once the employer has met this burden, the burden shifts back to the plaintiff to demonstrate, by a preponderance of the evidence, that the nondiscriminatory reason was merely pretext for discrimination. Id. at 804-05, 93 S.Ct. 1817. The ultimate burden of persuasion is always on the plaintiff, who must demonstrate that the employer’s action was prompted by an impermissible motive. See St. Mary’s Honor Ctr. v. Hicks, 509 U.S. 502, 511-12, 518, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) (citing Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)).
Here, even if Appellant established a prima facie case of race, color, or national origin discrimination, Appellee provided a number of non-discriminatory reasons for its decision not to hire Appellant, including the superior qualifications of the other candidates, its desire to hire adjunct lecturers who could teach multiple languages, and its desire to hire an adjunct lecturer who was familiar with the student body and the potential behavioral problems that could arise. Although Appellant provided evidence that she was enrolled in a doctoral program and had the ability to speak and teach multiple languages, there was no evidence on the record indicating that Appellant communicated this information to Appellee before it made its hiring decision. Appellant failed to provide any evidence that the reasons cited by Appellee for its decisions not to hire her were pretextual, and thus, she was not able to fulfill her burden of proving that the adverse employment actions were discriminatory. See St. Mary’s Honor Center, 509 U.S. at 511-12, 518, 113 S.Ct. 2742.
We have reviewed Appellant’s remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.